UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

JUAN PABLO MIRO, CATLIN URSU,
DANIEL WRIGHT, and NATHAN
BELOVITCH, , a Florida Limited
Liability

Case No.:

    Plaintiffs,

vs.

PHILIPPE CHOW BOCA, LLC, a
Florida Limited Liability Corp., and
CLINTON STOWE, individually,

    Defendants.
_____/

## COMPLAINT

Plaintiffs, JUAN PABLO MIRO, CATLIN URSU, DANIEL WRIGHT, and NATHAN BELOVITCH, (collectively "Plaintiffs"), on behalf of themselves and other employees and former employees similarly situated, by and through undersigned counsel, file this Complaint against Defendants, PHILIPPE CHOW BOCA, LLC., ("PHILIPPE" or "Restaurant"), and CLINTON STOWE, individually ("STOWE") and brings this action for unpaid minimum wage compensation, tip allocations, liquidated damages, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA") and state as follows:

### JURISDICTION AND VENUE

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA" or "Act") to recover unpaid wages, an additional equal amount as liquidated damages, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. At all times material hereto, Plaintiffs were, and continue to be residents of Broward and Palm Beach County, Florida.

4. At all times material hereto PHILIPPE CHOW BOCA, LLC was a Florida Limited Liability Company engaged in business in Florida, with a principle place of business in Palm Beach County Florida.

## PARTIES

5. Plaintiffs were "employees" employed by the Defendants within the meaning of the FLSA. Plaintiffs worked as servers for Defendants at Philippe Chow a restaurant located in Boca Raton Florida.

6. At all times material hereto, Defendant PHILIPPE CHOW BOCA, LLC was an "employer" within the meaning of FLSA.

7. At all times material hereto CLINTON STOWE acted directly and indirectly in the interest of Philippe Chow Boca as a manager of the restaurant and was an "employer" within the meaning of the FLSA.

## COVERAGE

8. At all times hereto, Plaintiffs were engaged in the "production of goods for commerce" and revenue was in excess of $500,000 and subject to enterprise coverage of the FLSA.

9. At all times hereto, Plaintiffs were engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

10. At all times material hereto, the work performed by the Plaintiffs was directly essential to the business performed by Defendant.

## FACTUAL ALLEGATIONS

11. Defendants hired Plaintiffs to work as hourly paid restaurant employees.

12. Defendants attempted to pay Plaintiffs a reduced gross hourly wage pursuant to §3(m) of the Act.

13. Defendants paid Plaintiffs a reduced hourly wage and used the maximum Florida tip credit allowed of $3.02/hr. and tips.

14. Defendants required Plaintiffs to participate in a tip pool or tip sharing arrangement where a portion of the tips they earned were shared with other employees.

15. At first, Defendants required servers, including Plaintiffs, to contribute 75% of their tips to the tip pool or to share them with other employees. After Plaintiffs complained that the tip sharing arrangement was unfair, Defendants changed the contribution to 50%.

16. Defendants took illegal tip deductions from Plaintiffs and those similarly situated to them in violation of the Act.

17. Plaintiffs were required to share their tips with other non-tipped employees as well as other tip share employees, both who were not entitled to share in Plaintiffs' tips pursuant to the Act.

18. Plaintiffs were required to contribute an excessive amount of their tips to a tip pool which was shared with other proper and improper tip share employees in violation of the Act.

19. Defendants required Plaintiffs wear uniforms at work for the benefit of Defendants. Plaintiffs were required to purchase and maintain the uniforms at their own expense in violation of the Act.

20. Plaintiffs were required to perform sidework each shift. The amount of sidework they were required to perform was in excess of 20% of their hours spent at work when they were paid the reduced hourly rate and were not earning tips, in violation of the Act.

21. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiffs at the proper minimum wage rate by improperly taking the tip credit when it knew, or should have known, the policies of Defendants violated the Act.

22. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.,* (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

23. On or about January 18, 2012, Plaintiffs sent a demand letter to Defendant PHILIPPE which specifically outlined their grievances and the amounts they allege they were owed.

24. Plaintiffs asked PHILIPPE to provide them with copies of their individual time records which PHILIPPE said they would produce. Such records have not been produced and Plaintiffs filed the instant action.

## COUNT I - RECOVERY OF MINIMUM WAGES

25. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-24 above.

26. Plaintiffs are/were entitled to be paid minimum wage for each hour worked during employment with Defendants.

27. As a result of Defendant's actions in this regard, Plaintiffs were paid less than the minimum wage for each hour worked during one or more weeks of employment with Defendant, because their hourly wages were reduced below the applicable Federal minimum wage requirement by Defendants' policies.

28. Defendant willfully failed to pay Plaintiff minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206 because it was well aware of the minimum wage law requirements but continued its violations.

29. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiffs

have been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

30. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiffs demand judgment against Defendant for:

a) The payment of the tip credit taken by Defendants for all hours worked;

b) The payment of all tips Plaintiffs were required to contribute to the illegal tip pool or tip share;

c) Liquidated damages for both the tip credit and the tips Plaintiffs were required to contribute to the illegal tip pool or tip share;

d) Reasonable attorneys' fees and costs incurred in this action;

e) If liquidated damages are not awarded, then Pre-judgment interest as provided by law;

f) Post-judgment interest as provided by law;

g) Any and all further relief that this Court determines to be appropriate.

Dated this 18 day of May, 2012.

\_\_/s Lowell J. Kuvin_____
_____
Lowell J. Kuvin
Fla. Bar No.:53072
lowell@kuvinlaw.com
Law Office of Lowell J. Kuvin
17 East Flagler St. Suite 223
Miami Florida 33131
Tele:   305.358.6800
Fax:    305.358.6808
*Attorney for Plaintiff*